1

2

3

4

5          **IN THE UNITED STATES DISTRICT COURT**

6          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

7

8    CEDRIC GREENE,                                 CASE NO. CV-F-07-0187 AWI DLB P

9                    Plaintiff,            _____    ORDER DISMISSING ACTION,
                                                     WITHOUT PREJUDICE, FOR
10             vs.                                   FAILURE TO PAY FILING FEE

11   K. KABLER, et al.,                             [Doc. 5]

12                    Defendants.
     _____/
13

14          Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.  On

15   April 26, 2007, pursuant to 28 U.S.C. § 1915(g), the court found plaintiff ineligible to proceed in forma

16   pauperis and ordered plaintiff to pay the $350.00 filing fee in full within thirty days.  Plaintiff was

17   warned that the failure to obey the court's order would result in dismissal of this action, without

18   prejudice. More than thirty days have passed and plaintiff has not complied with or otherwise responded

19   to the court's order.

20          Local Rule 11-110 provides that "a failure of counsel or of a party to comply with these Local

21   Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

22   sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control

23   their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate

24   . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may

25   dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a

26   court order.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance

27   with Local Rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to

28   comply with court order).  In determining whether to dismiss an action for lack of prosecution or failure

     to obey a court order the court must consider several factors, including: (1) the public's interest in

1  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice

2  to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

3  availability of less drastic alternatives.  In re Exxon Valdez, 102 F.3d 429, 433 (9th Cir. 1996); Ghazali,

4  46 F.3d at 53; Ferdik, 963 F.2d at 1260-61.

5         Weighing the relevant factors, the court finds dismissal for lack of prosecution appropriate.  The

6  public's interest in expeditiously resolving this litigation and the court's interest in managing the docket

7  weigh in favor of dismissal because this case has been pending for seven months without screening or

8  service.  Plaintiff has filed no document with the court since February 21, 2007, despite the court's order

9  to pay the filing fee on April 26, 2007.   The court cannot manage its docket if it maintains cases in

10  which parties do not take any action in their case.   The public's interest in the expeditious resolution

11  of litigation weighs heavily in favor of dismissal of such cases so that the court's limited resources may

12  be spent on cases in which the litigants are actually proceeding.    The third factor, risk of prejudice to

13  defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence

14  of an unreasonable delay in prosecuting an action.  See Anderson v. Air West, 542 F.2d 522, 524 (9th

15  Cir. 1976).   The fourth factor, looking to the public policy favoring disposition of cases on their merits,

16  has little or no weight in actions where the parties lack enough of an interest to respond to the court's

17  orders.  Finally, the fifth factor, requiring the court to consider other sanctions, has little weight in this

18  case.  A court's warning to a party that failure to obey the court's orders will result in dismissal satisfies

19  the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262.   The April 26, 2007 order

20  warned that failure to comply with the order would result in the dismissal of this action.   Thus, Plaintiff

21  had adequate warning that dismissal was possible.   In addition, the court has no less drastic sanction

22  than dismissal in an action such as this one where the Plaintiff refuses to litigate his case and respond

23  to court orders.

24         Accordingly, this is action is hereby dismissed, without prejudice, based on plaintiff's failure to

25  obey the court's order to pay the $350.00 filing fee.

26  IT IS SO ORDERED.

27  **Dated:    October 16, 2007**                          **/s/ Anthony W. Ishii**
                                                  UNITED STATES DISTRICT JUDGE

28